IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 11-23-4 |
| | ) | |
| CRYSTAL JORDAN | ) | |

## MEMORANDUM AND ORDER OF COURT

On November 3, 2011, a grand jury returned a four-count second superseding indictment against defendant Crystal Jordan ("defendant") and two other co-conspirators. On July 3, 2012, defendant pled guilty to one count of conspiracy, in violation of 18 U.S.C. §371, and one count of possession of 15 or more counterfeit or unauthorized access devises, in violation of 18 U.S.C. §1029(a)(3). On November 6, 2012, defendant was sentenced to a total term of 12 months imprisonment, to be followed by a 3-year term of supervised release. Defendant also was ordered to pay restitution in the total amount of $46,850.10 jointly and severally with the other co-conspirators found to be liable. Defendant did not appeal her conviction or sentence.

Defendant subsequently filed a pro se Motion to Amend Judgment in which she sought relief from participating in the Federal Bureau of Prisons ("BOP") Inmate Financial Responsibility Program (the "IFRP"), which the court denied on May 28, 2013.

On July 1, 2013, defendant filed a pro se Motion for Amended Restitution Order (Document No. 318), which is presently before the court. In this motion, defendant again essentially seeks relief from participating in the IFRP or alternatively requests that her restitution payments be limited to $25 per quarter. For reasons stated below, defendant's motion will be denied.

Defendant entered into a plea agreement with the government pursuant to which she agreed to participate in the IFRP. After defendant was sentenced, the court entered a Judgment which specifies the total amount of restitution she owes, a list of payees and the amount of restitution ordered for each payee and the fact that restitution is to be paid jointly and severally with any other co-conspirator found to be liable. See Document No. 296. The Judgment states, "[u]nless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment." Id. at 6. This court did not order otherwise, thus defendant's payment of restitution was to commence during her term of imprisonment through her participation in the IFRP.

When a federal inmate has a financial obligation, BOP staff will assist the inmate in developing a financial plan for meeting that obligation, and staff will monitor the inmate's participation and progress in the IFRP to assess her level of responsible behavior. See 28 C.F.R. §§545.11(a), (c); BOP Program Statement on Inmate Financial Responsibility Program, No. P5380.08. While participation in the IFRP is voluntary, see Balter v. Martinez, 477 Fed. Appx. 873, 875 (3d Cir. 2012), an inmate's refusal to participate in the program or comply with the provisions of her financial plan properly may result in a variety of sanctions. See 28 C.F.R. §545.11(d)(1)-(11).

The BOP has established administrative remedy procedures pursuant to which an inmate may seek formal review of an issue "relating to any aspect of [her] own confinement." See 28 C.F.R. §542.10(a). To the extent defendant complains about the BOP's authority to administer the IFRP, its method of collection of the restitution she owes or her ability to pay, she is first required to exhaust administrative remedies before complaining to an appropriate federal district court. See

AO 72
(Rev. 8/82)

Johnpoll v. Thornburgh, 898 F.2d 849 (2d Cir. 1990) (holding that inmate was required to exhaust administrative remedies with BOP before he could bring federal action challenging collection procedures under IFRP). There is no evidence that defendant has used the available administrative procedures to challenge the BOP's administration of the IFRP as it relates to her payment of restitution. Because defendant has failed to exhaust her administrative remedies before seeking recourse in federal court, her motion must be denied.[1]

To the extent defendant challenges any other aspect of this court's restitution order, including her allegation that the court failed to set a payment schedule, defendant's motion fails because "the proper time for challenging a restitution order is on direct appeal." Balter, 477 Fed. Appx. at 875. As stated at the outset, defendant did not appeal her conviction or sentence.

An appropriate order will follow.

<u>O R D E R</u>

AND NOW, this _8th_ day of July, 2013, upon consideration of defendant's pro se Motion for Amended Restitution Order (Document No. 318) and for the reasons set forth in the memorandum above, IT IS ORDERED that said motion be, and the same hereby is, **denied**.

Gustave Diamond
United States District Judge

---

[1] Although the court will deny defendant's motion for the reasons stated herein, defendant should be aware that if she refuses to participate in the IFRP for the remainder of her term of incarceration, she may be subject to the sanctions outlined in the Regulations. Otherwise, if defendant continues her participation in the IFRP, which the court notes is required of her pursuant to her plea agreement, she "is responsible for making satisfactory progress in meeting her financial responsibility plan . . . ." 28 C.F.R. §545.11(b). In that regard, defendant should be aware that "[p]ayments may be made from institution resources or non-institution (community) resources." 28 C.F.R. §545.11(b).

AO 72
(Rev. 8/82)

cc:     Gregory C. Melucci
        Assistant U.S. Attorney

        Crystal Jordan

✎AO 72
(Rev. 8/82)